768 P.2d 888
**Bernice STANTON, Plaintiff–Appellee,**

v.

**GORDON JEWELRY CORPORATION, a Delaware corporation, and Gordon's Quality Jewelers of New Mexico, Defendants–Appellants.**

No. 17812.

Supreme Court of New Mexico.

Feb. 15, 1989.

Rehearings Denied March 10, 1989.

Rodey, Dickason, Sloan, Akin & Robb, Rex D. Throckmorton, Scott D. Gordon, Albuquerque, for defendants-appellants.

Paine, Blenden & Diamond, Dick A. Blenden, Carlsbad, for plaintiff-appellee.

## OPINION

SCARBOROUGH, Justice.

Plaintiff-appellee, Bernice Stanton (Stanton), and defendants-appellants, Gordon Jewelry Corporation, a Delaware corporation, and Gordon's Quality Jewelers of New Mexico (Gordon Jewelry), entered into a series of transactions between June and September 1983, at the Gordon Jewelry retail store in Carlsbad, New Mexico. Stanton purchased five pieces of jewelry, and as consideration traded in some jewelry and paid some cash in down payment, leaving an amount due on an open account. The exact amount due on the open account was later disputed in the lawsuit which is now before us on appeal.

Toward the end of September 1983, Gordon Jewelry began an investigation of the Carlsbad store because they suspected the store manager of embezzlement. A security consultant employed by Gordon Jewelry contacted Stanton about her transactions with the Carlsbad store. Stanton cooperated with Gordon Jewelry in their investigation of the Carlsbad store manager. She also cooperated in an investigation by local law enforcement agencies and testified as a witness for the prosecution in criminal proceedings against the Carlsbad manager.

After she was contacted by the Gordon Jewelry investigator, Stanton became increasingly concerned that she had been defrauded in her transactions with the Carlsbad store. She asked that she be permitted to return the jewelry she had purchased and that Gordon Jewelry return the jewelry she had traded in and the money she had paid to Gordon Jewelry. Gordon Jewelry instead offered to pay for an independent appraisal of the jewelry Stanton had purchased.

Stanton returned the jewelry to Gordon Jewelry for the appraisal which concluded that the jewelry was valued at the purchase price. Stanton, nevertheless, persisted in her demand that her contract with Gordon Jewelry be rescinded. Gordon Jew-

elry could not locate the jewelry traded in by Stanton and refused to rescind the contract. There followed a series of demands by Stanton and Gordon Jewelry respectively.

Stanton sued Gordon Jewelry, alleging fraud and bad faith breach of contract. Stanton sought damages of $10,792.34, which was the purchase price of $13,015.50 less $2,223.16 which she admitted owing on her account. Stanton also sought her attorney's fees and $10,000,000 in punitive damages for fraud and/or bad faith breach of contract by Gordon Jewelry. Gordon Jewelry answered Stanton and counterclaimed for $5,050.32 which they alleged Stanton owed on her account at the Carlsbad store.

The lawsuit was tried without a jury before the Fifth Judicial District Court in Eddy County. After hearing the evidence and argument by the parties, the trial court entered judgment and ordered that the jewelry Stanton purchased from Gordon Jewelry be returned to her and that Gordon Jewelry pay her $50,000 in punitive damages, less the $2,223.16 which Stanton admitted owing on her account with the Carlsbad store. Gordon Jewelry appeals.

■ We affirm that part of the judgment ordering Gordon Jewelry to return the jewelry to Stanton and ordering Stanton to pay $2,223.16 to Gordon Jewelry. We reverse the award of $50,000 punitive damages to Stanton.

Our review on appeal is limited to the record before us. *Federal Nat'l Mortgage Ass'n v. Rose Realty, Inc.*, 79 N.M. 281, 282, 442 P.2d 593, 594 (1968). The record before us does not support an award of punitive damages to Stanton. A trial court may not grant relief that is not supported in the record. *Id.* The award of punitive damages by the trial court was in error.

■ We take notice that Stanton's attorney appears to have acted inappropriately in signing an amended complaint seeking $10,000,000 in punitive damages. When seeking an award of punitive damages, the following elements should properly be considered: (1) the character of the defendant's act; (2) the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause; and (3) the wealth of the defendant. *See Restatement (Second) of Torts* § 908(2) (1977). *See also Faubion v. Tucker*, 58 N.M. 303, 307–08, 270 P.2d 713, 716 (1954); *Robison v. Campbell*, 101 N.M. 393, 396, 683 P.2d 510, 513 (Ct.App.) *cert. denied*, 101 N.M. 362, 683 P.2d 44 (1984); *Sweitzer v. Sanchez*, 80 N.M. 408, 412, 456 P.2d 882, 886 (Ct.App. 1969). We see no rational relationship between the alleged acts of Gordon Jewelry and the amount of $10,000,000 sought in punitive damages.

■ We also take notice that Gordon Jewelry's attorney appears to have acted inappropriately in pursuing a counterclaim against Stanton. The trial court found that in making the counterclaim:

[Gordon Jewelry] acted in bad faith in asserting a debt of $5,050.00 based upon records which they knew to be unreliable under these circumstances. Their concession that the amount asserted to be owed by the plaintiff was in fact $2,223.00 came only after a protracted dispute and a full trial on the merits. [sic]

Pleadings signed by both attorneys thus appear to violate SCRA 1986, 1–011, which requires in part that:

The signature of an attorney on any pleading * * * constitutes a certificate by him that he has read the pleading * * *; that to the best of his knowledge, information and belief there is good ground to support it; and that it is not interposed for delay.

We refer this matter to the Disciplinary Board of the State Bar for appropriate administrative proceedings whereby both attorneys will be given an opportunity to justify their conduct and explain why they should not be sanctioned.

IT IS SO ORDERED.

SOSA, C.J., and BACA, J., concur: