775 P.2d 726

Eva DENNISON, Plaintiff–Appellant and Cross–Appellee,

v.

Steve MARLOWE and Patty Marlowe, his wife, d/b/a Great American Saloon, Defendants–Appellees and Cross–Appellants.

No. 17919.

Supreme Court of New Mexico.

June 26, 1989.

John F. Schaber, P.A., Ralph E. Ellinwood, Deming, for appellant.

Steve & Patty Marlowe, Santa Clara, Cal., pro se.

## OPINION

BACA, Justice.

This is the second appeal to this court on the matter of a commercial lease entered into by Dennison (lessor) and Marlowes (lessees). The facts which gave rise to the original controversy are set forth in this court's previous opinion, *Dennison v. Marlowe*, 106 N.M. 433, 744 P.2d 906 (1987). This second appeal concerns two issues which arose on remand in the district court: whether the trial court fairly calculated diminishment of the value of the lease, and whether attorney fees for appellate work must be awarded to a prevailing party under a contractual provision purporting to cover attorney fees. On the first issue, we hold a court may use any reasonable method to calculate diminishment and such calculation will be upheld if

there is substantial evidence to support the court's findings. On the second issue, we hold attorney fees for appellate work should be awarded to the prevailing party when a contractual provision allocates these costs. We remand to the district court for calculation of the Marlowes' legal expenses on both appeals and otherwise affirm.

In our previous opinion, this court concluded there was a partial constructive eviction when the State Fire Board closed the second floor of a lease property because the landlord failed to install a sprinkler system that was his responsibility to install. This court remanded for the district court to determine diminishment of the lease interest caused by this partial constructive eviction. In addition, this court reinstated the lessee's counterclaim for damages caused by lessor's interference with quiet enjoyment in order for the district court to determine its merits "on the present record." *Dennison*, 106 N.M. at 438, 744 P.2d at 911.

Upon remand, the district court found the value of the lease property diminished by $480.00 per month. The lease called for $800.00 per month and the court determined that loss of the second floor represented a 60% diminishment to lessee Marlowes' restaurant/bar business. In addition, the court awarded Marlowes $2,800.00 for attorney fees in its amended judgment entered July 1, 1988. On a motion by Dennison, however, the trial court struck the attorney fees award from its amended judgment of July 1. Dennison appeals the finding of 60% diminishment, and Marlowes appeal from the denial of attorney fees.

On the issue of diminishment, Dennison argues the loss of income attributable to closing the second floor was 42%, not 60%, and the evidence, therefore, does not support a finding of 60% diminishment. In addition, Dennison challenges the accounting methods used and argues poor business practices exaggerated the Marlowes' losses. Marlowes rely upon findings of a 54% loss in seating capacity combined with a *reversal* in *profits* (as distinguished from a 42% decrease in gross receipts) to argue

substantial evidence supported the court's conclusion of 60% diminishment.

■ This court reviews the district court's factual findings only to determine whether substantial evidence exists in the record on which the court could have relied. *State ex rel. Hooten Const. Co. v. Borsberry Const. Co.*, 108 N.M. 192, 769 P.2d 726 (1989). We do not weigh the evidence, but review the evidence in the best light for the prevailing party. *Bokum v. First Nat'l Bank in Albuquerque*, 106 N.M. 143, 147, 740 P.2d 693, 697 (1987). Here, we note the court apparently relied on the loss in seating capacity combined with a reversal in Marlowes' profits to reach its percentage of diminishment. While Dennison would have this court examine the bar's loss of revenue, she has cited no case which supports her method of accounting to determine a percentage diminishment in the value of a lease. The loss of seating capacity when combined with a reversal of profits is substantial evidence on which the district court could have relied to determine a 60% diminishment in the leased property. Further, we note the court found the Marlowes paid and Dennison accepted $320.00 per month rent for ten months following closure of the second floor. This finding indicates Marlowes' contemporaneous valuation of diminishment to have been 60%. We affirm the court's calculations based on these findings.

On the issue of whether attorney fees were properly denied, we note first the appellants, here the Marlowes, have a burden to alert this court to an abuse of discretion. *Landskroner v. McClure*, 107 N.M. 773, 765 P.2d 189 (1988). Marlowes did not cite this standard of review, but we interpret their argument to be when an unambiguous provision in a contract calls for attorney fees, failure to enforce this provision is an abuse of discretion. Who bears the burden of argument on appeal is important because Marlowes seek recovery for several different costs. Apparently, Marlowes incurred pretrial attorney fees, and while representing themselves pro se at trial, again turned to representation on appeal. We cannot discern from the record

on what basis the court first awarded and then retracted the sum of $2,800.00. Marlowes have cited us to no evidence in the record that might support their claims. While Marlowes refer to certain plaintiff's exhibits, these exhibits were not designated as part of the record for this appeal. The only evidence which appears in the record is the fact of representation on appeal, from which fact we may assume Marlowes incurred some attorney costs. Our review is limited on appeal to the record. *Stanton v. Gordon Jewelry Corp.*, 108 N.M. 160, 768 P.2d 888 (1989). We dismiss, therefore, all bases for attorney fees other than the contractual provision as it may apply to Marlowes' attorney fees on the first, and now second, appeal.

Marlowes argue the trial court's equitable discretion should be limited in a case where the contract between the parties calls for attorney fees, citing *United States v. Western State Mechanical Contractors*, 834 F.2d 1533 (10th Cir.1987). In *Western*, the 10th Circuit stated the court's "responsibility is to enforce that bargain." *Western*, 834 F.2d at 1548. *Western* did not purport to interpret New Mexico's law on this point. *But see Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1337–9 (10th Cir.1984) (cited in *Western*, applying New Mexico law to award attorney fees on both trial and appellate levels).

■ New Mexico courts have held a contractual provision to award attorney fees will include appellate costs. *See Cabot v. First Nat'l Bank of Santa Fe*, 81 N.M. 795, 474 P.2d 478 (1970) (purpose of a provision for attorney fees in a note is to enable full recovery); *Wyrsch v. Milke*, 92 N.M. 217, 224, 585 P.2d 1098, 1105 (Ct.App. 1978) (on rehearing, judgment modified to award attorney fees for appeal on sales contract and promissory note). The issue presented by Marlowes, however, is slightly different. We must decide whether it was an abuse of discretion for the trial court to decline to award any attorney fees under these facts. In order to determine this issue, we look first to the language of the contract and the arguments of the parties on its interpretation. The contractual

provision for attorney fees is set forth below:

### 20. ATTORNEY'S FEES

In the event that it should become necessary to instigate legal action to enforce the terms and provisions of this Lease Agreement, the prevailing party shall be entitled to costs of such action and reasonable attorney's fees connected therewith.

Dennison does not argue that the parties intended to include only trial costs under this provision. When no ambiguity has been raised or argued, we uphold the plain and unambiguous wording of the contractual provision. *See CC Housing Corp. v. Ryder Truck Rental, Inc.*, 106 N.M. 577, 746 P.2d 1109 (1987). Here, the parties agreed the prevailing party would be entitled to costs and reasonable attorney fees. The parties did not restrict recovery to costs and fees incurred at the trial level. We will not add such restrictive language when the parties failed to do so. We conclude, therefore, as a matter of law the contract called for attorney fees on appeal. All that was left to the trial court was a determination as to what amount was reasonable. From the record we cannot determine on what basis the court failed to make any award, but we must presume it did not consider appellate attorney fees. We remand for the trial court's determination of reasonable fees for both appeals.

Dennison, while eschewing contract principles, argues no trial court is entitled to award attorney fees for appellate work. Dennison cites *Davis v. Severson*, 71 N.M. 480, 379 P.2d 774 (1963) (attorney fees may be awarded only by the New Mexico Supreme Court). *Davis*, however, interpreted Supreme Court Rule 22(1), NMSA 1953, Section 21–2–1(22)(1), which rule has been superceded. Our current rule states the prevailing party will recover costs "unless otherwise provided by law, by these rules, or unless the court shall otherwise determine." SCRA 1986, 12–403(A). While the rule places discretion in the appellate court to withhold or apportion costs, it generally supports the notion of awarding appellate costs. Included within the rule's definition

of costs are "reasonable attorney fees ... if requested." R. 12–403(B)(3). Apparently, Dennison's objection is that Marlowes never made such a request by formal motion to this court. The rule provides, however, that a request may also be made "in the briefs" as has been done on both appeals. R. 12–403(B)(3).

Even were we to find Marlowes failed to follow the correct formal procedures, we find here the Marlowes have a cause of action in contract for recovery of attorney fees. It would be incongruous to interpret our rules in such a fashion as to deny the district courts the right to award costs when they are bound at law to enforce a contract calling for such an award.

Finally, we note our opinion here comports with this court's most recent interpretation of statutory provision of attorney fees. In *Superior Concrete Pumping, Inc. v. Montoya Constr., Inc.*, 108 N.M. 401, 773 P.2d 346 (1989) (construing NMSA 1978, Section 36–2–39 (Repl.Pamp.1984)), this court rejected the distinction between attorney fees at trial versus the appellate level, finding instead legislative intent to allow full recovery for collection of open accounts.

We reverse the trial court's denial of attorney fees on the issue of appellate fees covered by the parties' contract, and otherwise affirm.

IT IS SO ORDERED.

SCARBOROUGH and RANSOM, JJ., concur.