2004-NMCA-120

99 P.3d 672

**Rosalina AGUILERA, Petitioner–Appellant,**

v.

**PALM HARBOR HOMES, INC., d/b/a Masterpiece Housing, Newco Homes, L.P., d/b/a C & S Magnahomes, Palm Harbor Homes, L.P., Masterpiece Housing, and Newco Homes, Respondents–Appellees.**

No. 23,821.

Court of Appeals of New Mexico.

Aug. 6, 2004.

Certiorari Denied, No. 28,869, Oct. 5, 2004.

J.C. Robinson, W.J. Perkins, Robinson & Lopez, P.C., Silver City, NM, for Appellant.

Thomas L. Murphy, Rosenfelt, Buffington & Borg, P.A., Gallup, NM, for Appellees.

## OPINION

FRY, Judge.

{1} Rosalina Aguilera appeals the district court's refusal to award attorney fees on appeal for her claims under the Unfair Practices Act (UPA). NMSA 1978, §§ 57–12–1 through –22 (1967, as amended through 2003). Aguilera prevailed in arbitration of the underlying dispute, in which she was awarded money damages from Palm Harbor Homes, Inc. (Palm Harbor), a seller of mobile homes. The district court confirmed the award. The parties' subsequent appeals resulted in two published opinions, *Aguilera v. Palm Harbor Homes, Inc.*, 2002–NMSC–029, 132 N.M. 715, 54 P.3d 993, *aff'g in part and rev'g in part*, 2001–NMCA–091, 131 N.M. 228, 34 P.3d 617, but neither addressed the issue of attorney fees on appeal. We now conclude that Aguilera is entitled to appellate attorney fees. We further conclude that in keeping with the Supreme Court's decision in *Dennison v. Marlowe*, 108 N.M. 524, 775 P.2d 726 (1989), Aguilera was not precluded from seeking those fees in the district court, after the Supreme Court's resolution, even though she could have sought fees through a motion in the Supreme Court. Because Aguilera is entitled to attorney fees on appeal as a matter of statutory law, we reverse the district court and remand for an award of fees consistent with this opinion.

## BACKGROUND

{2} In arbitration before a three-member panel, Aguilera obtained an award that included a refund for money paid on a sales contract that the panel found she had effectively revoked, compensatory damages for emotional distress and out of pocket expenses, and punitive damages. Exclusive of interest, the compensatory award was in excess of $91,000, and the punitive award was for $100,000. The arbitration panel based this award on violations of the Manufactured Housing Act, NMSA 1978, §§ 60–14–1 through –20 (1975, as amended through 2000), and the panel further specified that Aguilera was entitled to the relief provided in the UPA.

{3} Aguilera applied to the district court for confirmation of the award. As part of her application, Aguilera requested attorney fees. In confirming the award, the district court granted attorney fees for work done during arbitration, and it also awarded supplemental fees for work provided after arbitration. Palm Harbor objected to the fees for post-arbitration legal services provided in the district court, and Aguilera ultimately agreed that she was not entitled to those fees.

{4} Palm Harbor appealed the district court's confirmation of the arbitration award and the award of attorney fees to this Court and then to the Supreme Court. The two resulting opinions largely focus on punitive damages. However, because the parties agreed that Aguilera was not entitled to attorney fees incurred in the district court, we vacated that portion of the fee award without ruling on the merits of whether the district court had the authority to award such fees. *Aguilera,* 2001–NMCA–091, ¶ 27, 131 N.M. 228, 34 P.3d 617. On the issue of fees for work performed during the appeals to this Court and to the Supreme Court, although Aguilera in her briefs requested attorney fees on appeal, neither this Court nor the Supreme Court addressed her requests.

{5} After the Supreme Court decision finding in favor of Aguilera on the issue of punitive damages, Aguilera did not file a motion in that Court requesting resolution of the issue of appellate attorney fees. However, about two months after the Supreme Court decision, Aguilera returned to the district court and filed a motion for attorney fees on appeal. The district court denied this motion because (1) the Arbitration Act does not provide for attorney fees on appeal, and (2) Aguilera's prior concession regarding attorney fees precluded her from raising the issue of fees on appeal. Aguilera appeals the denial of her motion.

## DISCUSSION

█ {6} This dispute requires us to determine the correct application of the UPA as well as the effect of the Uniform Arbitration Act on Aguilera's UPA claims. These are questions of statutory interpretation subject to de novo review. *See State v. Cleve,* 1999–NMSC–017, ¶ 7, 127 N.M. 240, 980 P.2d 23. We must also decide whether the silence of this Court and the Supreme Court precludes a later claim for fees on appeal; this, too, is a legal question that we review de novo. *See United Props. Ltd. v. Walgreen Props., Inc.,* 2003–NMCA–140, ¶ 6, 134 N.M. 725, 82 P.3d 535. Finally, we must resolve whether Aguilera's concessions regarding fees incurred in the district court preclude her claims for fees for her subsequent appeals. Because the facts relating to the concession

are undisputed, we review the district court's application of the law to these facts de novo. *See Paradiso v. Tipps Equip.,* 2004–NMCA–009, ¶ 23, 134 N.M. 814, 82 P.3d 985.

## The UPA Provides for Fees on Appeal

█ {7} Section 57–12–10(C) provides in part that "[t]he court shall award attorneys' fees and costs to the party complaining of an unfair or deceptive trade practice or unconscionable trade practice if he prevails." Case law is clear: this requirement applies to fees on appeal as well as fees at the district court level. *Hale v. Basin Motor Co.,* 110 N.M. 314, 321–22, 795 P.2d 1006, 1013–14 (1990). Palm Harbor's arguments to the contrary are unpersuasive.

{8} According to Palm Harbor, *Hale* has been superseded by portions of Rule 12–403 NMRA 2004, which is the general rule governing the recovery of costs on appeal. As we understand Palm Harbor's argument, it contends that because the rule was adopted after *Hale,* the procedure in the rule supersedes *Hale.* This argument fails for two reasons. First, the rule was actually adopted in 1986, prior to the decision in *Hale. See* Rules of Appellate Procedure effective dates. The 1993 amendment to the rule had no effect on the provision that "allowable costs" to be awarded to the prevailing party shall include reasonable attorney fees for services rendered on appeal, when such fees are permitted by law. Second, we do not agree with Palm Harbor's view that Rule 12–403 and Section 57–12–10(C) are mutually exclusive. Section 57–12–10(C) allows the award of attorney fees in UPA cases, and Rule 12–403 simply provides a procedure for requesting the appellate portion of those allowable fees. *Cf., e.g., Cent. Sec. & Alarm Co. v. Mehler,* 1998–NMCA–096, ¶¶ 22, 29, 125 N.M. 438, 963 P.2d 515 (awarding, pursuant to a request under Rule 12–403, attorney fees incurred on appeal where such fees were permitted by garnishment statute).

{9} Palm Harbor also argues that this case is distinguishable from *Hale* because in *Hale* the Supreme Court directed the district court to award fees, whereas in this case the Supreme Court's decision did not include a similar "mandate." However, Palm Harbor

fails to explain how the absence of an explicit mandate from an appellate court negates the statutory provision that a party who prevails on claims under the UPA shall be awarded attorney fees. *See* § 57–12–10(C). To the extent that this argument by Palm Harbor is a variation on the theme that Aguilera cannot bring claims under the UPA because she agreed to arbitration, we address this erroneous theory in more detail below.

■ {10} Finally, we agree with Aguilera that an award of fees on appeal furthers the public policies of encouraging individuals to pursue their UPA claims and reimbursing plaintiffs and their counsel for enforcing the UPA. *See Jones v. Gen. Motors Corp.*, 1998–NMCA–020, ¶ 25, 124 N.M. 606, 953 P.2d 1104. Where a plaintiff is defending a relatively small judgment, attorney fees on appeal could very well exceed the size of the judgment. Thus, even on appeal the UPA's attorney fees provision serves the goal of encouraging plaintiffs to pursue justice even where the damages are minor in nature. *See Hale*, 110 N.M. at 322, 795 P.2d at 1014.

{11} Palm Harbor argues that we should not consider the public policy interests that the UPA protects because the only claim Aguilera was defending in the prior appeals was the award of punitive damages, and there is no reason to assume that the punitive damages award was made pursuant to the UPA. We are not persuaded. There is no question that the arbitration panel specifically awarded Aguilera the remedies provided in the UPA, the Supreme Court's opinion recognized that the punitive damages were within the treble-damage limitation of the UPA, *Aguilera*, 2002–NMSC–029, ¶ 5, 132 N.M. 715, 54 P.3d 993, and there is no reason for us to speculate that the punitive damages were awarded under some other theory.

### The Previous Version of the Arbitration Act Does Not Preclude Fees on Appeal

■ {12} In denying attorney fees on appeal, the district court recognized that Aguilera's claim was based on the UPA, and yet the court denied the fees because the arbitration act in effect at that time did not provide for fees. In this appeal, Palm Harbor argues that the availability of fees is determined solely by the applicable arbitration act provisions, and further contends that we should not consider this to be a UPA claim. Aguilera argues that both the district court and Palm Harbor misconstrue the effect of the arbitration act. We agree with Aguilera.

{13} At the outset, we recognize that the arbitration act has changed since the arbitration of this dispute. The current arbitration act expressly provides that the arbitrator may award reasonable attorney fees "if such an award is authorized by law," NMSA 1978, § 44–7A–22(b) (2001), and further that the district court may award reasonable attorney fees "incurred in a judicial proceeding" upon the application of the party that prevailed in arbitration. NMSA 1978, § 44–7A–26(c) (2001). This dispute arose under the previous version of the act, which contains no such provision. With respect to attorney fees, the previous act is silent apart from a general provision stating that unless the agreement to arbitrate provided differently, the expenses of arbitration "not including counsel fees ... shall be paid as provided in the award." NMSA 1978, § 44–7–10 (1971). However, nothing in the previous act purports to prevent the district court from awarding fees that are authorized by the statute that created the underlying cause of action.

{14} Under the prior act, the district court must act within the statutorily defined scope of review, *see* NMSA 1978, § 44–7–13 (1971), but in doing so, it may award attorney fees as authorized by the arbitrators' decision and by the applicable law. *See Aguilera*, 2002–NMSC–029, ¶¶ 5, 7, 132 N.M. 715, 54 P.3d 993 (affirming the district court's award of punitive damages based on the arbitrator's findings and pursuant to the UPA). In this case, the underlying cause of action is pursuant to the UPA, which provides for attorney fees on appeal. § 57–12–10(C). Accordingly, the district court has the authority to award such fees, just as it has the authority to award punitive damages where the underlying statute provides for punitive damages, even if the arbitration panel lacked the authority to do so. *Aguilera*, 2002–NMSC–029, ¶ 5, 132 N.M. 715, 54 P.3d 993.

{15} In arguing that the prior arbitration act precludes an attorney fees award, Palm Harbor relies on the proposition that attorney fees are generally not recoverable in the absence of a statute; this argument fails because the UPA provides the necessary statutory authorization. § 57–12–10(C). In addition, Palm Harbor suggests that the arbitration act places limits on the remedies available in the district court, but the act itself contains no such limitation, and Palm Harbor provides no authority for this assertion. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998–NMCA–078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (holding that propositions unsupported by authority will not be considered on appeal). Palm Harbor makes the related argument that because the current version of the act specifically provides for an award of attorney fees, we must conclude that the previous version of the act prohibited fees. In light of our holding that the district court may award attorney fees pursuant to the statute that created the underlying action, the changes to the arbitration act have no effect on our analysis. Finally, we are not persuaded by Palm Harbor's claim that Aguilera is unfairly trying to "transform an arbitration into an Unfair Practices Act lawsuit on appeal." Throughout arbitration and subsequent litigation, the parties have been litigating the application of the UPA.

### Appellate Court Silence Does Not Preclude Fees on Appeal

{16} The parties contest the effect, if any, of the fact that neither this Court nor the Supreme Court responded to Aguilera's previous requests in her briefs for fees on appeal. As Palm Harbor points out, Aguilera could have acted sooner by filing a motion for rehearing under Rule 12–404 NMRA 2004 after the Supreme Court's opinion, or she could have filed a motion for fees under Rule 12–403(B)(3). Ordinarily, principles of finality and judicial economy weigh against the consideration of a claim that could have been, but was not, litigated in a prior proceeding. *See, e.g., Bank of Santa Fe v. Marcy Plaza Assocs.*, 2002–NMCA–014, ¶ 14, 131 N.M. 537, 40 P.3d 442 (setting out the elements of res judicata). However, our Supreme Court has held that where a party is entitled to attorney fees as a matter of law, the district court must award the fees even where the prevailing party fails to request those fees by formal motion to the Supreme Court. *See Dennison*, 108 N.M. at 527, 775 P.2d at 729 (holding that the appellants were entitled to attorney fees incurred in two appeals where such fees were required by contract and where the appellants had requested a fee award in their briefs in the prior and pending appeals). We are bound by that authority. *See Aguilera*, 2002–NMSC–029, ¶ 6, 132 N.M. 715, 54 P.3d 993. Rule 12–403(B)(3) provides that parties may request attorney fees in their briefs, *id.*, and, like the appellants in *Dennison* and in keeping with that rule, Aguilera's briefs included a request for fees. Because the UPA requires the district court to award fees on appeal, Section 57–12–10(C), we will not interpret the Rules of Appellate Procedure as denying the district court's authority to do so. *See Dennison*, 108 N.M. at 527, 775 P.2d at 729 ("It would be incongruous to interpret our rules in such a fashion as to deny the district courts the right to award costs when they are bound at law to enforce a contract calling for such an award.").

### Aguilera's Concessions Did Not Pertain to Fees Incurred After Her First Appeal in the District Court

{17} In denying Aguilera's motion for attorney fees, the district court found that Aguilera's previous concessions with respect to attorney fees foreclosed her from seeking appellate attorney fees. According to Palm Harbor, Aguilera previously conceded that the district court lacked authority to award attorney fees, and thus Aguilera cannot now argue that the district court has the authority to award appellate attorney fees. Aguilera characterizes the concession differently, arguing that it pertained specifically and exclusively to the post-arbitration fees incurred in the district court. Aguilera's description of the concession is correct.

{18} In its previous appeal to this Court, Palm Harbor raised the issue of whether Aguilera was entitled to attorney fees "for the work done during the time the case was

appealed to the district court." *Aguilera,* 2001–NMCA–091, ¶ 27, 131 N.M. 228, 34 P.3d 617. Aguilera voluntarily gave up her claim to those fees, and therefore this Court made no ruling on the merits of whether she was entitled to those fees and, if so, whether the district court had jurisdiction to award them. The language of our previous decision reflects that Aguilera's concession was explicitly limited to post-arbitration fees incurred in the district court. *Id.*

{19} Palm Harbor contends that under doctrines of res judicata, collateral estoppel, or the law of the case, we cannot now consider Aguilera's claim for fees on appeal. Res judicata, or claim preclusion, bars subsequent claims where a previous claim involved (1) identical parties; (2) acting in an identical capacity; (3) litigating the identical cause of action; and (4) with respect to the same subject matter. *Moffat v. Branch,* 2002–NMCA–067, ¶ 14, 132 N.M. 412, 49 P.3d 673; *Bank of Santa Fe,* 2002–NMCA–014, ¶ 13, 131 N.M. 537, 40 P.3d 442. Here the previous claim was limited in scope to post-arbitration fees incurred in the district court, while the present claim is for fees incurred on appeal to this Court and the Supreme Court. Accordingly, the cause of action and subject matter are not identical, and res judicata does not apply. We recognize that "[r]es judicata bars not only claims that were raised in the prior proceeding, but also claims that could have been raised." *Id.* ¶ 14. In this case, however, Aguilera raised the issue of attorney fees in her appellate briefs. Her claim is not precluded.

{20} Collateral estoppel, or issue preclusion, is similarly inappropriate to this case. Collateral estoppel might bar this claim if the issue of attorney fees on appeal had been actually and necessarily decided in the previous litigation. *See Moffat,* 2002–NMCA–067, ¶ 14, 132 N.M. 412, 49 P.3d 673; *Reeves v. Wimberly,* 107 N.M. 231, 233, 755 P.2d 75, 77 (Ct.App.1988). The issue of attorney fees on appeal was not actually decided in the previous appeals, and therefore collateral estoppel, too, is inapplicable.

{21} Palm Harbor further argues that the law of the case precludes this claim. "The doctrine of law of the case means that a prior appellate decision is binding." *DiMatteo v. County of Dona Ana,* 109 N.M. 374, 379, 785 P.2d 285, 290 (Ct.App.1989) (internal quotation marks and citations omitted). Palm Harbor urges this Court not to review the issue of fees on appeal because Aguilera previously conceded that the district court lacked jurisdiction to award attorney fees. Assuming for the purpose of argument that Aguilera's concession encompassed all attorney fees, and not just those fees related to the proceedings in the district court, we do not believe that the law of the case doctrine fits with the history of this case. This doctrine may extend to issues that could have been raised but were not, *id.;* however, as Palm Harbor acknowledges, the doctrine traditionally applies to matters that have been previously ruled upon in an appellate proceeding. *See, e.g., State v. Breit,* 1996–NMSC–067, ¶ 10, 122 N.M. 655, 930 P.2d 792 (defining the law of the case doctrine as applying where "an appellate court has considered and passed upon a question of law and remanded the case for further proceedings") (internal quotation marks and citation omitted). Here the appellate courts never ruled on the issue of appellate attorney fees. Moreover, our review of the record has not revealed the reason for this silence. Under these circumstances, we decline to apply this discretionary doctrine, *see Reese v. State,* 106 N.M. 505, 507, 745 P.2d 1153, 1155 (1987) (holding that the law of the case is a flexible, discretionary doctrine), and we reverse the district court.

**CONCLUSION**

{22} For the foregoing reasons, we reverse and remand for the district court to award attorney fees on the prior appeal and on this appeal.

{23} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and MICHAEL D. BUSTAMANTE, Judges.