This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39720

**WILLIAM GARDNER, D.D.S., P.A.,**

Plaintiff-Appellant,

v.

**NEW MEXICO BOARD OF DENTAL HEALTHCARE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Matthew J. Wilson, District Judge**

Boyle & Freudenheim
Gary W. Boyle
Mark D. Freudenheim
Santa Fe, NM

for Appellant

Hector H. Balderas, Attorney General
Lori Chavez, Assistant Attorney General
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** This is one among several recent appeals arising out of a series of interrelated licensing proceedings. In the instant matter, Dr. Gardner appealed following the district court's entry of an order enforcing an administrative decision that had been rendered by the New Mexico Board of Dental Health (the Board). We previously issued a notice of proposed summary disposition in which we proposed to affirm. Dr. Gardner has filed a

memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** Initially, we note Dr. Gardner's suggestion that this Court has an incomplete understanding of the procedural history and scope of the proceedings. [MIO 2] To the contrary, we are well aware of the extraordinarily protracted and contentious underlying litigation between these parties. The cursory nature of the docketing statement simply did not call for a lengthy responsive recitation of the particulars. However, in light of the expressed concern, we will oblige with a more complete summary of the events most relevant to the instant appeal.

**{3}** Dr. Gardner initiated the underlying case in the First Judicial District by filing an application for a temporary restraining order and preliminary injunction, seeking to prevent the Board from enforcing a decision and default judgment that had been rendered in a licensing proceeding designated D-18-32-COM. [RP 1-5] In that administrative action the Board had issued a notice of contemplated action (NCA) advising Dr. Gardner that it was considering revoking his license based upon evidence that he had continued practicing dentistry while his license was suspended between April 17 and June 7, 2018. [RP 69-72] The NCA in that administrative action had been sent to Dr. Gardner via certified mail, return receipt requested. [RP 7, 73] That mailing had subsequently been returned to the Board by the postal service with a notation that delivery had been "REFUSED." [RP 7, 67] Dr. Gardener had failed to request a hearing, and after the statutory period for so doing had lapsed, the Board had taken action as indicated, and revoked his license. [RP 6-8] In his application to the district court Dr. Gardner contended that he had not been duly served with the NCA, that his due process rights had been violated, and accordingly, that the Board should be enjoined from enforcing the default order revoking his license in D-18-32-COM. [RP 1-5]

**{4}** The Board responded in opposition, contending that Dr. Gardner had not made an adequate showing in support of his requests for TRO and preliminary injunctive relief. [RP 55-60] It further explained that its course of action in D-18-32-COM was in conformity with applicable provisions of the Uniform Licensing Act providing that a licensee's refusal to accept an NCA is tantamount to receipt, and that definitive action may be taken in such situations if the licensee fails to request a hearing. [RP 57-58] *See* NMSA 1978, § 61-1-5 (1981) ("Where the notice or decision is served by certified mail, it shall be deemed to have been served on the date borne by the return receipt showing . . . refusal of the addressee to accept delivery of the notice or decision."); NMSA 1978, § 61-1-4(E) (2003) ("[I]f the licensee or applicant does not mail a request for a hearing . . . the board may take the action contemplated[.]").

**{5}** The Board also counterclaimed for enforcement of the revocation of Dr. Gardner's license in connection with a separate proceeding, designed D-18-61-COM, which arose out of allegations that Dr. Gardner had altered one or more x-rays in order to fraudulently obtain payment for dental procedure(s). [RP 60-62] Those administrative proceedings were the subject of a separate district court action, D-101-CV-2019-

02207,[1] in which Dr. Gardner had initially sought injunctive relief to prevent the Board from proceeding with a hearing on the merits based on his preemptive contentions that the evidence would be inadequate and attacking the neutrality of the hearing officer. [No. A-1-CA-39801, RP 1-24] Dr. Gardner later transformed that action into a Rule 1-074 NMRA appeal from the Board's final disposition. [No. A-1-CA-39801, RP 303, 309] Although the district court entered a temporary stay of the license revocation associated with D-18-61-COM during the pendency of the administrative appeal in D-101-CV-2019-02207, Dr. Gardner failed to file a statement of appellate issues, despite multiple opportunities to do so. As a result the district court dismissed that appeal. [No. A-1-CA-39801, 6 RP 1400-1402, 1560-61] *See* Rule 1-074(X)(1) ("If an appellant fails to file a statement of appellate issues in the district court as provided by these rules, such failure may be deemed sufficient grounds for dismissal of the appeal by the district court.").

**{6}** In response to the Board's counterclaim for enforcement of the license revocation associated with D-18-61-COM, Dr. Gardner argued that the matter was under judicial review in a separate action (i.e., D-101-CV-2019-02207), and expressed the view that the district court lacked jurisdiction to consider enforcement in the instant matter. [RP 93-94]

**{7}** After conducting a hearing on Dr. Gardner's initial application for TRO and preliminary injunction, the district court entered an order denying the requested relief. [RP 130-32] Although it found that Dr. Gardner had not been duly served with the NCA in the administrative proceeding designated D-18-32-COM, it recognized that Dr. Gardner's license had been revoked in D-18-61-COM, and as a consequence, he was unable to make a satisfactory showing of entitlement to injunctive relief in relation to the proceedings in D-18-32-COM. [RP 131] The district court further observed that Dr. Gardner could request reconsideration in light of the due process violation in relation to D-18-32-COM. [RP 131] It reserved the Board's counterclaim for enforcement in relation to D-18-61-COM for future hearing. [RP 131]

**{8}** Thereafter the Board retracted its default order in D-18-32-COM, issued a new NCA premised on the same allegations of misconduct, and acknowledged Dr. Gardner's request for hearing on that matter. [RP 152-62] In light of these developments Dr. Gardner filed a motion for stay of proceedings and stay of enforcement, essentially seeking to preclude the district court from taking any further action in relation to either the pending administrative proceedings in D-18-32-COM, or the Board's counterclaim for enforcement of the revocation order in D-18-61-COM. [RP 147-51]

**{9}** After conducting a hearing the district court entered its final order. [RP 217-20] It observed that the object of Dr. Gardner's application for TRO and injunctive relief had been to preclude the Board from enforcing the revocation by default in D-18-32-COM.

---

[1]The final disposition rendered in D-101-CV-2019-02207 was the subject of a separate appeal, designated A-1-CA-39801. We take judicial notice of the record in that matter. *See State v. Turner*, 1970-NMCA-054, ¶ 25, 81 N.M. 571, 469 P.2d 720. We further note that the appeal in A-1-CA-39801 was dismissed, and Dr. Gardener's ensuing petition for writ of certiorari was denied by the New Mexico Supreme Court. *See* S-1-SC-39227.

[RP 217-18] That application had been denied, and the default revocation had been withdrawn. The district court further observed that the license revocation in D-18-61-COM (i.e., the object of the Board's counterclaim) had concluded, that Dr. Gardner's separate appeal of that licensing action had been dismissed, that Dr. Gardner's requests for stays and further intervention by the Court of Appeals and our Supreme Court had been denied, and accordingly, that the Board's action was final and enforceable. [RP 219] It therefore denied Dr. Gardner's request for stay, granted the Board's counterclaim for enforcement of the license revocation in D-18-61-COM, and expressly ordered Dr. Gardner to cease practicing without a license. [RP 219-20] The instant appeal followed. [RP 214]

**{10}**   Against this backdrop, we turn to the assertions of error.

**{11}**   First, Dr. Gardner renews his argument that the district court erred in granting the Board's counterclaim and enforcing what he characterizes as a nonfinal order rendered in D-101-CV-2019-02207, relative to the license revocation in D-18-61-COM. [MIO 4-6] His challenge to the finality of those proceedings is premised on one among the many post-judgment motions that he filed in that matter, a Rule 1-060(B) NMRA motion, which he contends was not expressly resolved by written order.[2] [MIO 2-6] However, the record in that matter reflects that the district court did in fact enter a written order clearly indicating that the motion in question had been denied. [A-1-CA-39801 6 RP 1542] Although Dr. Gardner suggests that this order should not be regarded as dispositive of the Rule 1-060(B) motion because the order was not specifically tailored only to that motion and it simultaneously denied yet another post-judgment motion, [MIO 5] these circumstances do not call for a different result. The order in question unambiguously reflects the district court's disposition of the Rule 1-060(B) motion. This is all that is required. *See generally* Rule 1-054.1 NMRA comm. cmt. 2006 amend. ("Because there no longer is an automatic denial of post-judgment motions, the time for filing notices of appeal will run from the entry of *an order expressly disposing of the motion*." (emphasis added) (internal quotation marks and citation omitted)). We further note that although the order did not specifically articulate the rationale for its ruling on the Rule 1-060(B) motion, the district court clearly rejected the underlying argument when it denied Dr. Gardner's motion for trial on the merits which raised many of the same arguments. [A-1-CA-39801, 6 RP 1560-61] Under the circumstances, it would elevate form over substance to deem the Rule 1-060(B) motion unresolved. This we will not do. *Cf. State v. Lewis*, 2019-NMSC-001, ¶ 12, 433 P.3d 276 (indicating that a district court's failure to strictly comply with the formal requirements of a rule did not constitute error, where such a narrow and technical approach "would exalt form over substance" and "where the purpose of the rule ha[d] been satisfied" (internal quotation marks omitted)).

---

[2]We note as well that the filing of successive post-judgment motions is a questionable practice in and of itself, for reasons illustrated by the inefficiency, obfuscation, and delay, which attended the litany of post-judgment filings in this case. *See Salinas v. John Deere Co.*, 1984-NMCA-121, ¶ 37, 103 N.M. 336, 707 P.2d 27 ("The rules do not permit successive attacks upon final judgments by motions to reconsider orders that deny a new trial or that deny or grant an alteration or amendment of the judgment." (internal quotation marks and citation omitted)).

**{12}**     We similarly reject Dr. Gardner's suggestion that the district court's course of conduct reflected intent to further consider his largely repetitious arguments, or to issue yet another dispositive order. [MIO 5-6] To the contrary, the record in D-101-CV-2019-02207 clearly indicates that the district court made every effort to identify and resolve all outstanding matters, and it unambiguously expressed the intent to fully conclude and dismiss the proceedings. [A-1-CA-39801, 6 RP 1561] Dr. Gardner's failure to take timely and procedurally appropriate steps to seek further review following the conclusion of the district court proceedings resulted in the dismissal of his ensuing appeal, and as previously stated, the New Mexico Supreme Court's denial of his petition for certiorari rendered the administrative disposition in D-18-61-COM conclusive. We, therefore, reject Dr. Gardner's assertion that the district court erred in granting the Board's counterclaim for enforcement of the final administrative action in D-18-61-COM.

**{13}**     Dr. Gardener further argues that the district court erred in enforcing the administrative decision rendered in D-18-61-COM on the theory that his failure to file a statement of appellate issues in D-101-CV-2019-02207 should not have resulted in dismissal of his administrative appeal from that decision. [MIO 7] We question whether such a collateral attack should be countenanced at this juncture. *See AA Oilfield Serv., Inc. v. N.M. State Corp. Comm'n*, 1994-NMSC-085, ¶ 25, 118 N.M. 273, 881 P.2d 18 ("Collateral estoppel bars relitigation of issues decided against a party in a prior proceeding when those issues were actually litigated and necessarily determined."); *cf. Aguilera v. Palm Harbor Homes, Inc.*, 2004-NMCA-120, ¶ 21, 136 N.M. 422, 99 P.3d 672 (explaining that "[t]he doctrine of law of the case means that a prior appellate decision is binding" and that "[t]his doctrine may extend to issues that could have been raised but were not" (internal quotation marks and citation omitted)). In any event, Dr. Gardner's position is contrary to law. *See* Rule 1-074(X)(1) ("If an appellant fails to file a statement of appellate issues in the district court as provided by these rules, such failure may be deemed sufficient grounds for dismissal of the appeal by the district court."). We, therefore, reject it.

**{14}**     Finally, Dr. Gardner urges this Court to arrive at a different result in this case on grounds that he is being effectively denied the right to appeal. [MIO 8-10] In light of the proliferation of appellate proceedings,[3] the suggestion strains credulity. Regardless, the premise is faulty. The constitutional right to appeal does not entitle a party to disregard the appropriate avenues of exercising that right, and dismissal for failure to pursue an appeal in a timely and procedurally appropriate manner does not abridge that right. *See Olguin v. State*, 1977-NMSC-034, ¶ 2, 90 N.M. 303, 563 P.2d 97 ("The right of appeal is provided for in the Constitution while the means for exercising that right are properly controlled by rules of procedure. The . . . constitutional right to appeal was not abridged by the dismissal for failure to follow procedural rules." (citation omitted)).

---

3Additional appellate proceedings include, at a minimum: S-1-SC-37449, S-1-SC-37967, S-1-SC-38394, S-1-SC-39227, A-1-CA-34879, A-1-CA-37511, A-1-CA-37545, A-1-CA-38981, A-1-CA-39118, and A-1-CA-39801.

**{15}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{16}   IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**