This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41257**

**CREIG BUTLER,**

Plaintiff-Appellee,

v.

**MOTIVA PERFORMANCE ENGINEERING, LLC,**

Defendant,

and

**DEALERBANK FINANCIAL SERVICES, LTD.; ARMAGEDDON HIGH PERFORMANCE SOLUTIONS, LLC; and WILLIAM S. FERGUSON,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez, District Court Judge**

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Spencer L. Edelman
Laura M. Unklesbay
Tomas J. Garcia
Albuquerque, NM

for Appellee

Kennedy, Hernandez & Harrison, P.C.
Paul J. Kennedy
Jessica M. Hernandez
Elizabeth A. Harrison
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Defendants appeal the district court's award of attorney fees to Plaintiff Creig Butler for his efforts to collect a judgment over a period of four years. Defendants argue the award should be vacated for four reasons: (1) Plaintiff's application did not include a supporting affidavit; (2) the award included amounts that were already awarded and paid in show cause proceedings; (3) Plaintiff's application was untimely; and (4) a portion of the award lacked a statutory basis. Perceiving no error, we affirm.

**DISCUSSION**

**{2}** Where relevant, "[w]e review the award of attorney fees for abuse of discretion, but we review de novo whether th[e] decision [to award fees] was based on a misapprehension of the law." *Atherton v. Gopin*, 2012-NMCA-023, ¶ 5, 272 P.3d 700.

**I.      Affidavit in Support of the Application for Attorney Fees**

**{3}** We first address Defendants' arguments concerning the fact that Plaintiff only attached an affidavit in support of his application for fees to his reply, and not the initial application. Defendants claim (1) an affidavit was necessary to establish the statutory basis for the award, (2) Plaintiff did not establish the qualifications or credentials of eight attorneys who performed work, and (3) Defendants did not have an opportunity to rebut the legal basis for the fees.

**{4}** As to Defendants' first argument, the application itself described the basis of the fee request. Plaintiff attached billing records as an exhibit to his application, which consisted of fifteen pages of detailed time entries identifying the attorney who performed the given item of work, their time expended, and a narrative describing the work. Defendants concede that an affidavit was not strictly necessary and have not offered an argument as to why Plaintiff's showing in the application was insufficient to establish the statutory basis for the request. *See* Rule 1-054(E)(2) NMRA (stating that "the *motion* . . . must specify the judgment and the statute or other grounds entitling the moving party to the award; and must state the amount sought and the basis for the amount claimed" (emphasis added)). As well, Defendants have not indicated what information should have been included in an affidavit that was not otherwise set forth in the application itself. For these reasons, we conclude this argument lacks merit.

**{5}** Defendants also argue that an affidavit was necessary to establish the reasonableness of the rates charged, and Plaintiff's affidavit did not address work performed by eight of the attorneys who worked on the case. However, as with the statutory basis, this information was included in the application itself. Moreover, we observe that Defendants do not actually challenge the reasonableness of the rates or

the amount of time billed. Because the rates were established in the application and the time expended was set forth in billing records attached to the application, and because Defendants have not challenged any of the rates as unreasonable, we have no basis to conclude that the district court abused its discretion in finding that the hourly rates were reasonable. *See Robertson v. Carmel Builders Real Est.*, 2004-NMCA-056, ¶ 48, 135 N.M. 641, 92 P.3d 653 ("The trial court has broad discretion in setting attorney fees, and an award will not be reversed unless there is an abuse of discretion."); *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that an appellant has the burden on appeal to demonstrate error).

{6}     Finally, Defendants suggest that Plaintiff's failure to attach an affidavit to his application deprived Defendants of a meaningful "opportunity to understand and rebut the legal basis for the attorney[] fees," thereby raising procedural due process concerns. While we recognize that "[a] party opposing a motion for attorney fees must be afforded an opportunity to respond," *Dollens v. Wells Fargo Bank, N.A.*, 2015-NMCA-096, ¶ 20, 356 P.3d 531, we are not persuaded that Defendants were deprived of such an opportunity here, given that the information they claim should have been included in an affidavit was included from the outset in the application itself, the affidavit attached to the reply did not contain any new information, and Defendants had an opportunity to address the application and affidavit during a hearing on the application. Beyond this, Defendants have neither asserted nor established prejudice on account of Plaintiff having attached the affidavit to his reply rather than the application itself. *See Nat'l Council on Comp. Ins. v. N.M. State Corp. Comm'n*, 1988-NMSC-036, ¶ 29, 107 N.M. 278, 756 P.2d 558 (holding that due process rights were not violated where no prejudice was demonstrated); *Jones v. N.M. State Racing Comm'n*, 1983-NMSC-089, ¶ 6, 100 N.M. 434, 671 P.2d 1145 (rejecting the appellants' due process claim where they failed to demonstrate prejudice). For these reasons, we reject Defendants' argument that they did not have a meaningful opportunity to rebut Plaintiff's request for attorney fees.

## II.     The District Court Properly Excluded Fees Related to the Sanctions Appeal

{7}     Defendants contend that the $120,000.00 award to Plaintiff included fees related to an appeal of a civil contempt and sanctions order entered by the district court for which Plaintiff had already received fees. Defendants also argue that although Plaintiff claimed to have omitted any time related to the sanctions appeal in the current fee request, Plaintiff did not provide adequate information to demonstrate that such fees had indeed been fully omitted from the final amount requested.

{8}     We disagree with Defendants' assertion that Plaintiff failed to adequately demonstrate that fees related to the sanctions proceedings and appeal had been excluded from the present fee award. Plaintiff originally requested $176,300.50 in attorney fees. In his reply, Plaintiff revised that amount downward by $56,649.74 to account for fees, costs, and related taxes already awarded in the sanctions proceedings. This amount is identical to the amount awarded in the civil contempt and sanctions order. During the hearing on the matter, Plaintiff acknowledged that the

present fee request still included time for work on the appeal of the sanctions award—time that had not yet been awarded or paid. The district court directed Plaintiff to exclude time for legal services related to any pending appeal of the sanctions award. Plaintiff then removed an additional $5,253.89 in fees for the appeal of the sanctions award, corresponding to 21.8 billable hours.

**{9}** In addition, Plaintiff submitted billing records in connection with each application for attorney fees, and Defendants have not challenged any particular time entry as duplicative, nor have they directed us to any evidence showing that other fees related to the civil contempt and sanctions proceedings were included in the award. *See Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)).

**{10}** Finally, although Defendants contend the district court awarded Plaintiff more than the amount of fees remaining after the deductions, this does not appear to be the case. Subtracting just the attorney fees that had previously been awarded in the contempt and sanctions proceedings ($48,883.50) and appeal ($4,876.00) from the initial amount requested ($176,300.50), the balance of Plaintiff's fee request was $122,541.00—an amount over $2,500 greater than the $120,000.00 ultimately awarded by the district court.

**{11}** In sum, Defendants have failed to demonstrate that Plaintiff requested or received duplicative fees or costs, and we see no basis to disturb the district court's award.

### III. Plaintiff's Application for Attorney Fees Was Not Untimely

**{12}** Next, Defendants assert that Plaintiff's application was untimely under Rule 12-403 NMRA. Defendants argue that Plaintiff was required to file his application for attorney fees within fifteen days of the dismissal of an earlier appeal in this matter. This Court has expressly stated that the procedural requirements of Rule 12-403 may not serve as a bar on the recovery of attorney fees awarded pursuant to the Unfair Practices Act (UPA). *See Aguilera v. Palm Harbor Homes, Inc.*, 2004-NMCA-120, ¶ 16, 136 N.M. 422, 99 P.3d 672 ("Because the UPA requires the district court to award fees on appeal, we will not interpret the Rules of Appellate Procedure as denying the district court's authority to do so." (citation omitted)). Consequently, the district court did not err in considering and awarding fees under the UPA for Plaintiff's work to collect the judgment.

**{13}** We expressly decline to address Defendant's remaining arguments concerning the timeliness of the separate sanctions appeal as that matter is not before us in the instant appeal.

### IV. The District Court Did Not Err in Awarding All Post-Judgment Fees

**{14}** Finally, Defendants argue that the district court erred by failing to limit the post-judgment fee award to those fees related to Plaintiff's UPA claim. Defendants contend that the only basis for recovery of attorney fees is under the UPA, and because only 37 percent of the underlying judgment related to the UPA claim, Plaintiff's post-judgment fees should be reduced in proportion to the amount of the judgment recoverable under the UPA. *See Herald v. Bd. of Regents of Univ. of N.M.*, 2015-NMCA-104, ¶ 59, 357 P.3d 438 ("Attorney fees awards are governed by the American rule, which provides that absent statutory or other authority, each party should bear its own attorney fees." (omission, internal quotation marks, and citation omitted)).

**{15}** We understand Defendants to argue that the fee award must be limited to work done to recover the statutory (specifically, the UPA) portion of the judgment, and that the district court erred in failing to separate Plaintiff's claims and determine the time spent on each. In response, Plaintiff insists that "[f]ees incurred when attempting to satisfy the judgment here are inextricably intertwined" and cannot be separated based on portions of the judgment. Plaintiff maintains that all of the fees are related to collection efforts after trial, and time spent to collect "the UPA portion of a judgment is indistinguishable from the remainder of the judgment." Plaintiff underscores this point by observing that he "could not pursue only those damages relating to the UPA or breach of contract."

**{16}** Defendants maintain that even if the claims are "inextricably intertwined," Plaintiff has not explained why the district court should not have "attempt[ed] to distinguish between the two types of work to the extent possible." *See Dollens*, 2015-NMCA-096, ¶ 24 (internal quotation marks and citation omitted). However, Plaintiff adequately demonstrated that it is not possible to differentiate fees for separate judgment collection activities based on the components of the award; all of the time was related to efforts to collect the 2018 judgment *as a whole*. *See State ex. rel. Bigney v. City of Rio Rancho*, ____-NMCA-___, ¶¶ 53-54, ___ P.3d ___ (A-1-CA-40664, Jan. 16, 2025) (affirming an attorney fee award for the plaintiff's work on related claims against separate defendants because the work was inextricably intertwined and the plaintiff's fees amounted to "reasonable litigation expense[s] . . . in connection with [the p]laintiff's prosecution" of the claims (internal quotation marks omitted)). Here, the fees awarded to Plaintiff are based upon Plaintiff's effort to collect the whole judgment, a portion of which was Plaintiff's UPA claim. The fees are not merely in connection with, but a direct product of, the successful litigation of the UPA portion of the unsatisfied judgment Plaintiff won. As Plaintiff argues, pursuit of the whole judgment is not meaningfully or ascertainably distinct from pursuit of the UPA portion thereof. Accordingly, guided by *Bigney*, we conclude a reduction is not warranted under these circumstances, and the district court did not abuse its discretion in awarding attorney fees for all time spent attempting to collect the judgment.

**CONCLUSION**

**{17}** For the foregoing reasons, we affirm.

**{18}** IT IS SO ORDERED.

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JENNIFER L. ATTREP, Judge**