**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2012-NMCA-023

Filing Date:  January 19, 2012

Docket No.  29,850

UTTI ATHERTON, LAURA JARAMILLO,
JOHN DOE 1-99, and JANE DOE 1-99,

      Plaintiffs-Appellants,

and

NEW MEXICO ATTORNEY GENERAL,

      Plaintiff,

v.

MICHAEL J. GOPIN,

      Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
James T. Martin, District Judge

Kyle W. Gesswein
Las Cruces, NM

Phillip B. Davis
Albuquerque, NM

for Appellants

J. Monty Stevens
El Paso, Tx

Carrillo Law Firm, P.C.
Karen E. Wootton
Las Cruces, NM

for Appellee

**OPINION**

**BUSTAMANTE, Judge.**

**{1}** Plaintiffs prevailed in their Unfair Practices Act (UPA) action against Defendant. NMSA 1978, §§ 57-12-1 to -26 (1967, as amended through 2009). As a consequence, they were entitled to an award of attorney fees. Section 57-12-10(C). The district court refused to apply a multiplier factor to the lodestar fee it approved, concluding that New Mexico only allows multipliers in class actions and "common fund" situations. Disagreeing, we reverse and remand for reconsideration of Plaintiffs' request.

**I.    BACKGROUND**

**{2}** Plaintiffs won partial summary judgment, including judgment that Defendant had violated the UPA. Subsequently, the parties agreed to settle the lawsuit for approximately $5200 plus attorney fees. The order provided that "Defendant shall pay the [n]amed Plaintiffs' attorney fees, the amount of which will be agreed upon by counsel for the [n]amed Plaintiffs and Defendant within ten days, or failing such agreement, the amount of attorney fees shall be decided by the [c]ourt."

**{3}** The parties could not agree on an amount for the attorney fees, and Plaintiffs filed a motion to award attorney fees. Plaintiffs requested an hourly rate of $195 per hour plus tax. Using this rate, Plaintiffs calculated that fees of $35,759.10 were owed. In addition, Plaintiffs requested a multiplier of 1.5. The district court awarded Plaintiffs $39,608.40 in attorney fees but denied Plaintiffs' request for a multiplier. The court based its denial of the multiplier on a finding that "[u]nder New Mexico state law irrespective of [Tenth] Circuit cases, a multiplier for attorney fees in fee-shifting cases such as the case at bar is limited to class actions and common fund cases."

**II.    DISCUSSION**

**{4}** Plaintiffs argue that the district court erred as a matter of law by refusing to consider the use of a multiplier in awarding attorney fees. They seek remand for a new determination of allowable fees in which all relevant factors, including whether contingency risk warranted the use of a multiplier, are considered. Defendant counters that use of a multiplier under these circumstances is "without precedent" and contrary to federal law.

**A.    The District Court May Consider a Multiplier in UPA Cases**

**{5}** A plaintiff who prevails under the UPA is entitled to recover attorney fees. Section 57-12-10(C). The UPA does not limit the fees in any way. *Id.* We review the award of attorney fees for abuse of discretion, but we review de novo whether this decision was based on a misapprehension of the law. *See N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶¶ 6-7, 127 N.M. 654, 986 P.2d 450.

**{6}** Although the UPA imposes no limitations on attorney fees, the fees requested must be reasonable. *See Jones v. Gen. Motors Corp.*, 1998-NMCA-020, ¶ 24, 124 N.M. 606, 953 P.2d 1104. "Historically, New Mexico courts have also used the factors now found in Rule 16-105 of the Rules of Professional Conduct to examine the reasonableness of attorney fees." *In re N.M. Indirect Purchasers Microsoft Corp.*, 2007-NMCA-007, ¶ 76, 140 N.M. 879, 149 P.3d 976. These factors include:

> (1)     the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2)     the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3)     the fee customarily charged in the locality for similar legal services;
>
> (4)     the amount involved and the results obtained;
>
> (5)     the time limitations imposed by the client or by the circumstances;
>
> (6)     the nature and length of the professional relationship with the client;
>
> (7)     the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8)     *whether the fee is fixed or contingent.*

Rule 16-105(A) NMRA (emphasis added). "The factors are not of equal weight, and all of the factors need not be considered." *Microsoft*, 2007-NMCA-007, ¶ 78.

**{7}** One way of arriving at a reasonable fee is the "lodestar" method, which was the method chosen by the court in this case. *See Rivera-Platte v. First Colony Life Ins. Co.*, 2007-NMCA-158, ¶ 78, 143 N.M. 158, 173 P.3d 765 (recognizing the district court's discretion to use either the percentage of recovery method or the lodestar method to calculate attorney fees). In this method, the court determines a fee that approximates a reasonable hourly rate multiplied by the number of hours reasonably incurred in the representation. *See Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1672 (2010). This value serves as a starting point for the calculation of a reasonable fee. *Microsoft*, 2007-NMCA-007, ¶ 34. The lodestar method is "ordinarily used in statutory fee-shifting cases because it provides adequate fees to attorneys who undertake litigation that is socially beneficial." *Id.* "An award based on a lodestar may be increased by a multiplier if the lower court finds that a

greater fee is more reasonable after the court considers the risk factor and the results obtained." *Id.*

**{8}** We have previously applied a reasonableness standard to attorney fees under the UPA. *See Jones*, 1998-NMCA-020, ¶ 24. In *Jones*, the district court denied an individual plaintiff's UPA claim, finding that he could not recover because he had failed to prove damages. *Id.* ¶ 22. We reversed, noting that the statute allowed recovery of the greater of damages or $100. *Id.* ¶¶ 23, 26. We further held that, in addition to the statutory damages of $100, the plaintiff was "entitled to reasonable attorney fees and costs," including the costs of his appeal. *Id.* ¶ 24. Two policies supported this decision: enabling individual plaintiffs to pursue their claims, however small, and encouraging individuals to enforce the UPA on behalf of the general citizenry. *See id.* ¶ 25. Accordingly, even though the plaintiff was only entitled to $100 of statutory damages, the allowable attorney fees were "not nominal[, but] should reflect the full amount of fees fairly and reasonably incurred by [the p]laintiff in securing an award under the UPA." *Id.* Absent this incentive, prospective plaintiffs might have difficulty pursuing their claims and enforcing the UPA on behalf of the public. *Id.*

**{9}** The district court erred in concluding that it could not consider the use of a multiplier in this case. As we have observed, the UPA contains no limitation on the award of attorney fees. *Jones*, which allowed attorney fees to be awarded to an individual in a UPA case, emphasized that even when the damage award was small, the attorney fees "should reflect the full amount of fees fairly and reasonably incurred" by the prevailing plaintiff. *Id.* Rule 16-105, which our cases have looked to for guidance regarding the reasonableness of attorney fees, *see Microsoft*, 2007-NMCA-007, ¶ 76, includes "whether the fee is fixed or contingent." Rule 16-105(A)(8). Furthermore, we have previously approved of the use of a multiplier. *See, e.g., Microsoft*, 2007-NMCA-007, ¶¶ 34, 75 (condoning the use of a multiplier in a lodestar calculation used as a cross-check of a percentage of recovery award). In some cases, multipliers may be necessary to ensure that plaintiffs can enforce their rights under the UPA. *See Perdue*, 130 S. Ct. at 1673 (rejecting "any contention that a fee determined by the lodestar method may not be enhanced in any situation" and recognizing that there may be circumstances in which "the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee"). That we have not yet explicitly approved of the use of a multiplier outside of the class action or "common fund" setting is not authority for the district court's conclusion that a multiplier should not be considered outside of those contexts. *See Sloan v. State Farm Mut. Auto. Ins. Co.*, 2004-NMSC-004, ¶ 12, 135 N.M. 106, 85 P.3d 230 ("[C]ases are not authority for propositions not considered." (alteration in original) (internal quotation marks and citation omitted)). Accordingly, we hold that the district court has discretion to apply a multiplier to the lodestar value. *See Microsoft*, 2007-NMCA-007, ¶¶ 73-75 (holding that the district court did not abuse its discretion when, in using the lodestar method as a cross-check against the percentage method used, the court applied a multiplier to enhance the lodestar); *see also Ketchum v. Moses*, 17 P.3d 735, 746 (Cal. 2001) ("[T]he trial court is not *required* to include a fee enhancement to the basic lodestar figure for contingent risk, exceptional skill, or other factors, although it retains the discretion to do so in the appropriate case. . . .").

4

**B.    Defendant's Other Arguments Are Not Persuasive**

**{10}**    Defendant's other arguments against the use of a multiplier are unavailing.  First, Defendant argues that federal cases precluded the district court from applying a multiplier except in rare or exceptional circumstances.  However, the cases cited by Defendant involve the interpretation of federal fee-shifting statutes not at issue in this case.  *See Perdue*, 130 S. Ct. at 1669-70 (discussing fee-shifting under 42 U.S.C. § 1988 (2000)); *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992) (discussing fee-shifting under 42 U.S.C. § 6972(e) (1984) and 33 U.S.C. § 1365(d) (1987)).  Defendant identifies no reason why we are bound by these cases in interpreting the UPA, nor can we perceive one.  *See Dague*, 505 U.S. at 562 (noting that United States Supreme Court case law relates to "federal fee-shifting statutes").

**{11}**    Defendant does point to language that "[a]n enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation."  *Perdue*, 130 S. Ct. at 1667.  Defendant contends the risk of non-payment is included in the lodestar.  Plaintiffs maintain that the lodestar rate was the fee counsel "normally charges in non-contingent matters as his lodestar."  We decline to decide this factual question in the first instance.  We simply note that, to the extent that the lodestar rate does not take into account the factors that justify a multiplier, the district court has discretion to apply a multiplier in a UPA case.

**{12}**    Second, Defendant claims that Plaintiffs affirmatively waived the right to ask for a multiplier by not asking for it prior to the execution of the settlement agreement.  At that time, Plaintiffs had indicated to Defendant that attorney fees amounted to $38,242.  But Defendant, in the stipulated order of partial dismissal, did not agree to pay this or any other fixed amount.  Instead, he agreed that fees would be litigated if the parties could not agree to a specific amount within ten days.

**{13}**    A waiver is "the intentional relinquishment or abandonment of a known right."  *J.R. Hale Contracting Co. v. United N.M. Bank at Albuquerque*, 110 N.M. 712, 716, 799 P.2d 581, 585 (1990).  It may be express or implied.  *Id.* at 716-17, 799 P.2d at 585-86.  Additionally, waiver by estoppel is present where a party's actions reasonably lead the other party to believe waiver has occurred and that other party is prejudiced by the belief.  *Id.* at 717, 799 P.2d at 586.

**{14}**    Plaintiffs did not waive their right to ask for a multiplier.  Defendant does not explain how the record shows, explicitly or implicitly, that Plaintiffs abandoned their right to pursue a multiplier.  Based on our review of the record, and in particular the stipulated order of partial dismissal, we conclude that it does not.  Nevertheless, Defendant asserts that he was "reasonably misled" by Plaintiffs' statement that attorney fees amounted to $38,242 and that this constituted waiver by estoppel.  We disagree.  We do not believe that such a statement, made during settlement negotiations and with the knowledge that fees would be litigated if no agreement was reached, could reasonably be viewed as the abandonment of the right to ask for a multiplier should the settlement negotiations prove unsuccessful.

5

**{15}**    Third, Defendant argues that, had the district court applied a multiplier, it would have abused its discretion.  However, since the district court has yet to apply a multiplier, we decline to consider this argument.

**C.        Plaintiffs Are Entitled to Attorney Fees**

**{16}**    Finally, Plaintiffs have also requested that we award attorney fees for this appeal. Our cases have repeatedly stated that awards of appellate attorney fees are appropriate in UPA cases.  *See, e.g., Jones*, 1998-NMCA-020, ¶ 24.  Accordingly, on remand, the district court should award to Plaintiffs the reasonable attorney fees and costs of this appeal.

**III.      CONCLUSION**

**{17}**    For the foregoing reasons, we remand for the district court to make a new determination of attorney fees, including fees for this appeal, to be awarded to Plaintiffs.

**{18}    IT IS SO ORDERED.**

 

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**JONATHAN B. SUTIN, Judge**

**RODERICK T. KENNEDY, Judge**

**Topic Index for *Atherton v. Gopin*, No. 29,850**

| **AE** | **APPEAL AND ERROR** |
| AE-SR | Standard of Review |

| **AT** | **ATTORNEYS** |
| AT-FG | Fees, General |

| **CP** | **CIVIL PROCEDURE** |
| CP-ES | Estoppel |
| CP-SJ | Summary Judgment |
| CP-WA | Waiver |

| **CM** | **COMMERCIAL LAW** |
| CM-AF | Attorney Fees |

| | |
|---|---|
| CM-UP | Unfair Practices Act |
| **FL** | **FEDERAL LAW** |
| FL-AF | Attorney Fees |