This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42534

**RYAN STODGELL and
KATHARINE STODGELL,**

Plaintiffs-Appellants,

v.

**LINDA OAK WEISSMAN and
BLACK OAK LLC,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY
Emilio Chavez, District Court Judge**

Robert Richards
Santa Fe, NM

for Appellants

The Simons Firm, LLP
Frieda Scott Simons
Santa Fe, NM

for Appellees

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Plaintiffs appeal from the district court's order granting Defendants' motion for attorney fees. [4 RP 825-827] We entered a notice of proposed disposition, proposing to affirm. Plaintiffs filed a memorandum in opposition to that notice and Defendants filed a memorandum in support, both of which we have duly considered. Unpersuaded by the memorandum in opposition, we affirm.

**{2}** Plaintiffs assert in their memorandum that the district court erred in granting $3,984 in attorney fees because Defendants "deliberately refused to mitigate their damages." [MIO 14, 25] Plaintiffs further assert that "once Defendants became aware that they were the prevailing party and Plaintiffs would pay any attorney fees, Defendants engaged in a systematic effort to impose more damages on Plaintiffs in the form of attorney fees through a writ of execution instead of filing a transcript of judgment." [MIO 14-15] This assertion appears not to comprehend the basis for the district court's award of attorney fees. The fee award was premised on Plaintiffs' failure to adequately respond to Defendants' discovery requests, prompting Defendants to file a motion to compel the discovery. Consistent with Rule 1-037(A)(4) NMRA, the district court subsequently awarded "the reasonable expenses incurred in obtaining the order, including attorney[] fees" to Defendants. [4 RP 825-827] Consequently, the above assertion regarding mitigation does not demonstrate the district court abused its discretion in awarding the $3,984 in attorney fees. *See Lenz v. Chalamidas*, 1991-NMSC-099, ¶ 2, 113 N.M. 17, 821 P.2d 355 ("Award of attorney fees rests in the discretion of the trial court and this court will not alter the fee award absent an abuse of discretion.").

**{3}** Plaintiffs next contend that "[u]pon posting bond, the motion to compel and order were moot." [MIO 15] Further, Plaintiffs assert that if the order granting Defendants' motion to compel was "set aside as moot, there is no case or controversy. If there is no case or controversy, there is no basis for the award of attorney fees and costs." [MIO 16-17] Plaintiffs direct us to two orders from the district court related to Plaintiffs' filing of a supersedeas bond. In the first order, the district court granted a temporary stay on discovery, anticipating the filing of the bond. [3 RP 743] In that order, the district court found that "if a supersedeas bond is fil[ed] there is no basis for the requested discovery." [Id] Subsequently, after Plaintiffs had filed the bond, albeit more than a year after the judgment had been entered, the district court denied Defendants' motion to reconsider the stay of discovery, finding the motion "moot as the bond has been posted." [4 RP 777]

**{4}** Plaintiffs appear to either misstate the record or misconstrue the district court's order. The district court did not set aside its prior order granting Defendants' motion to compel and, as we noted in the proposed disposition, it specifically reserved ruling on the issue of attorney fees in that order. [3 RP 719; CN 2] Following the above orders related to the supersedeas bond, the district court granted Defendants' motion for attorney fees finding it necessary "to address and rectify discovery violations that hinder the fair and efficient progress of litigation." [4 RP 826]

**{5}** First, we conclude that the fact that the district court awarded attorneys' fees for this reason is consistent with the purpose of Rule 1-037. *See Sandoval v. Martinez*, 1989-NMCA-042, ¶ 11, 109 N.M. 5, 780 P.2d 1152 ("The purposes of Rule 1-037 are (1) to enable a party to obtain the discovery to which it is entitled; (2) to compensate a party for expenses incurred because of violation of the discovery rules by another party; and (3) to deter infractions of the rules and of court orders enforcing them."); *id.* ¶ 12 ("The party serving proper discovery requests is entitled to at least the required

response. In addition, when the responding party's lapse was not substantially justified, the district court may order the party that violated the discovery rules to reimburse the other party for expenses incurred in obtaining the order to compel."). Second, the fact that Plaintiffs eventually deposited the supersedeas bond with the district court may have, in the district court's opinion, mooted the need for the discovery Defendants were seeking. However, it did not change the fact that Plaintiffs' actions necessitated the filing of the motion to compel, which permitted the recovery of "reasonable expenses incurred in obtaining the order, including attorney[] fees." *See* Rule 1-037(A)(4); *Doanbuy Lease & Co. v. Melcher*, 1971-NMSC-086, ¶ 15, 83 N.M. 82, 488 P.2d 339 ("When a plaintiff in a civil action files a lawsuit, [their] adversaries are entitled to generally understand that [they] will proceed in a lawful manner and that compliance will be had with the Rules of Civil Procedure, including those relating to discovery."). Thus, the issue of attorney fees from the discovery violation was not mooted by the filing of the supersedeas bond. Indeed, as we noted above, the district court entered the order awarding attorney fees after its orders related to the discovery stay, which would not have occurred if it was setting aside its ruling on that issue.

**{6}**     In their docketing statement, Plaintiffs asserted that the district court failed to apply the criteria of Rule 16-105 NMRA or determine the time reasonably necessary to draft a motion to compel. [DS 12] In our proposed disposition, we suggested that Plaintiffs had not provided any authority indicating an explicit application of the Rule 16-105 factors were required in assessing fees under Rule 1-037(A)(4) and that the district court did make a determination regarding the reasonableness of Defendants' attorney fee request. [CN 4-5] In their memorandum, Plaintiffs direct us to the same cases they listed in support of their assertion in their docketing statement that the district erred by not applying the factors from Rule 16-105. [MIO 23-25]

**{7}**     Regardless, courts traditionally use the Rule 16-105 factors to examine the reasonableness of the attorney fees. *See Autovest v. Agosto*, 2021-NMCA-053, ¶ 25, 497 P.3d 642. In this circumstance, the district court applied the lodestar method. *See Atherton v. Gopin*, 2012-NMCA-023, ¶ 7, 272 P.3d 700 ("One way of arriving at a reasonable fee is the 'lodestar' method."). "In this method, the court determines a fee that approximates a reasonable hourly rate multiplied by the number of hours reasonably incurred in the representation." *Id.* The district court noted that *Plaintiffs did not dispute Defendants' proposed rate* and then concluded that 17.5 hours was reasonable. [4 RP 827] Relying on the submissions of Defendants' counsel showing how their time was spent, the district court concluded that the time spent obtaining the discovery order included "drafting a good faith letter, preparing the motion itself, reviewing and analyzing discovery materials, conducting legal research, communicating with opposing counsel and [D]efendant, crafting a detailed reply to the opposition, filing an affidavit of attorney fees, and responding to the opposition to the attorney fees." [4 RP 827] While Plaintiffs dispute that the 17.5 total hours was reasonable, they again only provide generalized assertions in their memorandum of why the total amount was unreasonable. [MIO 26-27] We therefore conclude that it was not an abuse of discretion for the district court to calculate attorney fees awarded under Rule 1-037(A)(4) in the manner that it did.

**{8}** Lastly, Plaintiffs' memorandum continues to maintain many of the same or similar assertions of error that were contained in their docketing statement, and thus we refer Plaintiffs to our analysis in our proposed disposition. [MIO 17-20] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 ("A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We also note that Plaintiffs spent a significant portion of their memorandum arguing over the semantics of the district court's findings as well as our proposed conclusions in our notice of proposed disposition. [MIO 17-21] We are unpersuaded that any of these contentions accurately reflect the district court's findings and the proposed disposition or that they otherwise establish reversible error.

**{9}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{10}  IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**