694 P.2d 1349

**The McCLAIN CO., INC.,
Plaintiff-Appellee,**

v.

**PAGE & WIRTZ CONSTRUCTION CO.,
et al., Defendants-Appellants.**

No. 15466.

Supreme Court of New Mexico.

Feb. 5, 1985.

Miller & Wess, Hartley B. Wess, Albuquerque, for defendants-appellants.

Delayo & Olson, Thomas F. Blueher, Albuquerque, for plaintiff-appellee.

OPINION

SOSA, Senior Justice.

This is an appeal from the trial court's refusal to award attorney's fees in a breach of contract action. We affirm the trial court.

The sole issue on appeal is the award of attorney's fees. The threshold question to be decided is whether there was substantial evidence to support the trial court's finding that the defendant breached his contract, making him ineligible to receive attorney's fees under the contract.

Plaintiff McClain Co., Inc. (McClain), a subcontractor, entered into a contract with defendant Page & Wirtz Construction Co. (P & W), a general contractor, for the installation of a wood gymnasium floor in a new school building in Carlsbad. Near the time of completion, an unexpected torrential rain fell and water entered the building.

McClain then brought suit for payment for work performed under the contract. P & W counterclaimed for $64.75. This sum represented the amount incurred to complete the job, over and above what was allegedly owed to McClain. The trial court found both parties breached their contract and concluded that both parties failed to sustain their allegations. The court then dismissed both parties' claims with prejudice, stating neither party was entitled to recover, and ordered each party to pay its own attorney's fees.

At trial evidence was presented that work on the floor stopped after the rain,

and that P & W and McClain disagreed on how to proceed with the repair and completion of the floor. Additionally evidence was heard as to the cause of the floor damage and the cost to repair it. After McClain refused to do further work on the floor, P & W hired a new subcontractor to complete the floor.

Other findings by the trial court were: McClain and P & W agreed McClain should pull off the job and wait to see if any damage resulted from the water which ran under the wood floor; McClain refused responsibility for water damage to the floor and refused to repair or continue work on the floor without a work order from P & W; McClain left the job after the rain; McClain had not allowed a two inch expansion void around the perimeter according to the job specification; P & W refused to pay McClain for the work completed prior to the rainfall; and P & W paid another subcontractor to finish the floor. The trial court's final finding was:

> Both parties breached their contract. Defendant failed to provide a building that was reasonably safe from weather; and Plaintiff failed to make the best of a bad situation when the floor was damaged.

P & W claims it did not materially breach the contract. It contends the court erred because under the contract, if the subcontractor breaches the contractor may declare the contract terminated and charge the expenses for taking over the contract work, including legal fees, to the subcontracting party.

P & W urges that the trial court did not have substantial evidence before it to sustain a finding that the plaintiff's failure to continue to perform was a result of P & W's initial breach of failing to provide a building that was reasonably safe from poor weather.

■ We find there was substantial evidence before the trial court to make a finding of breach by P & W. *Toltec International, Inc. v. Village of Ruidoso*, 95 N.M. 82, 619 P.2d 186 (1980).

■ The general rule in New Mexico is that absent a statute or court rule, each party to a litigation must pay his own attorney's fees. *Martinez v. Martinez* 101 N.M. 88, 678 P.2d 1163 (1984); *State v. Lujan*, 43 N.M. 348, 93 P.2d 1002 (1939). Exceptions have been granted in rare cases, but this cause of action does not come within any recognized exception. *Gregg v. Gardner*, 73 N.M. 347, 388 P.2d 68 (1963).

■ Since territorial times New Mexico has permitted contractual provisions, such as the one here, for attorney's fees. *Bank of Dallas v. Tuttle*, 5 N.M. 427, 23 P. 241 (1890). The present agreement provides for attorney's fees for breach by the subcontractor. Ordinarily this would sustain an award of attorney's fees under *Bank of Dallas*, but we are obliged to consider that the trial court found that the other party also breached the agreement. We find no New Mexico case where an award of attorney's fees was made to a party found to have breached his agreement. The Ninth Circuit has considered this question and held against an award, stating:

> In seeking attorney's fees, [appellant] asked the court to enforce part of the very contract for whose termination [appellant] was partly at fault. The court in its discretion could conclude that allowing attorney's fees when both parties had acted improperly would be inequitable and unreasonable. [Citation omitted.]

*United States ex rel A.V. DeBlasio Construction, Inc. v. Mountain States Construction Co.*, 588 F.2d 259, 263 (9th Cir. 1978). *See also Cable Marine, Inc. v. M/V TRUST ME II*, 632 F.2d 1344 (5th Cir.1980); *First Atlantic Building Corp. v. Neubauer Construction*, 352 So.2d 103 (Fla. App.1977).

Under the facts of this case, P & W, as a breaching party should not be awarded the attorney's fees provided under the contract. The trial court is affirmed.

IT IS SO ORDERED.

FEDERICI, C.J., and RIORDAN, J., concur.