793 P.2d 258

David F. MONTOYA and Elizabeth Montoya, husband and wife, d/b/a Papas Fritas, et al., Plaintiffs–Counter–Defendants–Appellees,

v.

VILLA LINDA MALL, LTD., a New Mexico limited partnership, et al., Defendants–Counter–Claimant–Appellants.

No. 18794.

Supreme Court of New Mexico.

May 30, 1990.

Sutin, Thayer & Browne, P.C., Mary E. McDonald and Maryanne Reilly, Santa Fe, for defendants-counter-claimant-appellants.

Roth, VanAmberg, Gross & Rogers, Michael P. Gross and F. Joel Roth, Santa Fe, for plaintiffs-counter-defendants-appellees.

OPINION

BACA, Justice.

Villa Linda Mall (Villa Linda), defendant below, appeals the award of attorney's fees to Montoyas. The Montoyas prevailed at the district court on claims of negligent misrepresentation and constructive fraud relating to their lease for commercial space. They received a damage award of $66,800 set off by a $10,200 award for Villa Linda's counterclaim for past due rent based on a breach of the lease. The district court awarded Montoyas $42,825 in attorney's fees pursuant to the lease.

Montoyas were food vendors who contracted with appellants to lease retail space

in the Villa Linda Mall (Mall). They occupied the space in July 1985, signed the lease agreement, but subsequently vacated the premises in June 1986. Villa Linda reentered the space and has since relet.

The Montoyas brought suit alleging, inter alia, that misrepresentations had been made to them prior to the execution of the lease that were not memorialized in the lease, specifically that the Mall was projected to have 85 percent occupancy when it opened and that appellant would aggressively promote the Mall. The Montoyas did not pursue any claims based on the contract at trial, although Villa Linda did counterclaim for breach of contract.

Article 28 of the contract states:

In the event that at any time during the term of this lease either Landlord or Tenant shall institute any action or proceeding against the other relating to the provisions of this lease, or any default hereunder, then, and in that event, the unsuccessful party in such action or proceeding agrees to reimburse the successful party for the reasonable expenses of attorney's fees and disbursements incurred therein by the successful party.

Pursuant to this provision, the district court awarded Montoyas attorney's fees of $42,825 and denied Villa Linda's claim for $5,000 in attorney's fees. Villa Linda contests only this aspect of the judgment and contends that Article 28 does not authorize attorney's fees for the tort claims upon which Montoyas prevailed. It argues that, because it prevailed on its claim based on the contract, it should have been awarded fees for that portion of its expenses and that the general rule, requiring a party to be responsible for its own costs in pursuing legal action, should have been applied against the Montoyas.

We consider whether the contract provision authorizes attorney's fees for this tort action, and we affirm.

■■■ New Mexico adheres to the so-called American rule that, absent statutory or other authority, litigants are responsible for their own attorney's fees. *McClain Co. v. Page & Wirtz Constr. Co.*, 102 N.M. 284, 694 P.2d 1349 (1985). Authority can be provided by agreement of the parties to a contract. *Id.* The scope of that authority is defined by the parties in the contract, and a determination of what fees are authorized is a matter of contract interpretation. *See Dennison v. Marlowe*, 108 N.M. 524, 526–27, 775 P.2d 726, 728–29 (1989).

The issue presented here turns on interpretation of Article 28 of the contract. That provision authorizes attorney's fees to the prevailing party in any action "relating to the provisions of this lease, or any default hereunder." Villa Linda argues that this unambiguously precludes attorney's fees for Montoyas' tort claims, while authorizing Villa Linda fees for its counterclaim because it "prevailed" thereon.

■■■ It is black letter law that, absent an ambiguity, a court is bound to interpret and enforce a contract's clear language and cannot create a new agreement for the parties. *See CC Housing Corp. v. Ryder Truck Rental, Inc.*, 106 N.M. 577, 746 P.2d 1109 (1987). However, we do not agree with Villa Linda that Article 28 is unambiguous in allowing recovery only for claims of breach. It allows reasonable attorney's fees for actions that relate to the lease, and we hold that the language is broad enough to encompass suit based on tort claims that relate to the contract in a direct way, as do Montoyas' claims. The lease sets forth the obligations and rights of the parties as they pertain to the lease of space in the Villa Linda Mall, and Montoyas' suit was related directly to the space leased.[1]

---

1. Villa Linda cites *Security Pacific National Bank v. Williams*, 213 Cal.App.3d 927, 262 Cal. Rptr. 260 (1989), as authority for the proposition that a cause of action premised on fraud or misrepresentation in the inducement does not warrant an award of attorney's fees simply because a contract with a provision authorizing attorney's fees is part of the factual background of the case. We find this case inapposite. It is based in part on interpretation of a California statute requiring reciprocity in contractual obligations to pay attorney's fees "incurred to enforce that contract." *Id.* at 979, 262 Cal.Rptr. at 295. New Mexico has no such statute and leaves the parties free to define their own obligations in the contract, without restrictions (except those applying generally to contract law) regarding the scope of an attorney's fees provi-

"[E]very word or phrase must be given meaning and significance according to its importance in the context of the whole contract." *Bank of N.M. v. Sholer*, 102 N.M. 78, 79, 691 P.2d 465, 466 (1984). The usual and customary meaning is given to language used in a contract. *Sun Vineyards, Inc. v. Luna County Wine Dev. Corp.*, 107 N.M. 524, 760 P.2d 1290 (1988). Moreover, the law favors a reasonable construction of contract language. *Brown v. American Bank of Commerce*, 79 N.M. 222, 441 P.2d 751 (1968). Article 28 of the contract authorizes an attorney's fees award when suit is brought "relating to the provisions of this lease, *or* any default hereunder." (Emphasis added.) The word "or" is ordinarily given a disjunctive meaning. *First Nat'l Bank v. Bernalillo County Valuation Protest Bd.*, 90 N.M. 110, 112, 560 P.2d 174, 176 (Ct.App.1977). It signifies an alternative—either one or another possibility is contemplated. *See id.* If we were to interpret Article 28 as Villa Linda asks, we would be assigning no meaning to the language "relating to the provisions of this lease" different than would be assigned to the phrase "or any default hereunder." We believe the word "or" in this context was used in its ordinary meaning, and thus it would be unreasonable to interpret the "relating to the provisions of this lease" language as referring only to a suit for default on the terms of the contract. A reasonable construction of Article 28 is that the language was intended to broaden the scope of authority for an award of attorney's fees.

If, as Villa Linda maintains, its interpretation of Article 28 is that attorney's fees are recoverable only in a suit on the con-

sion. *Cf. Dennison*, 108 N.M. at 526–27, 775 P.2d at 728–29.

2. Thus, Villa Linda's argument that this case should be analyzed as two distinct actions—one in tort for which no attorney's fees are authorized, and one in contract—fails. It claims that because it prevailed on the breach of contract claim, it is the only party authorized to receive the award of attorney's fees by the contract. As we have already indicated, the Montoyas' claims are related to the lease so as to bring them within the scope of Article 28. This determination makes *State Trust & Savings Bank v. Her-*

tract, the language would be reasonably susceptible to more than one interpretation. Villa Linda drafted the language at issue, and uncertainties are construed against the drafter. *See Manuel Lujan Ins., Inc. v. Jordan*, 100 N.M. 573, 673 P.2d 1306 (1983).[2]

Villa Linda also contends that, because Montoyas breached the lease, they are not entitled to an award of attorney's fees, relying on *McClain Co. v. Page & Wirtz Construction Co.*, 102 N.M. 284, 694 P.2d 1349 (1985). In *Page & Wirtz*, this court declined to reverse the trial court's refusal to award attorney's fees pursuant to a construction contract where both parties were found to have breached the agreement and neither party sustained their allegations at trial. The claims of both parties were dismissed with prejudice. Nonetheless, on appeal Page & Wirtz claimed it did not breach the agreement and that the contract entitled it to costs. The court noted that there were no New Mexico cases on point and quoted from *United States ex rel. A.V. DeBlasio Construction, Inc. v. Mountain States Construction Co.*, 588 F.2d 259, 263 (9th Cir. 1978), stating:

In seeking attorney's fees, [appellant] asked the court to enforce part of the very contract for whose termination [appellant] was partly at fault. The court *in its discretion could conclude* that allowing attorney's fees when both parties had acted improperly would be *inequitable and unreasonable.*

*Page & Wirtz*, 102 N.M. at 285, 694 P.2d at 1350 (emphasis added).

*mosa Land & Cattle Co.*, 30 N.M. 566, 240 P. 469 (1925), controlling on this question; the common sense rule that the party winning the net award should be considered to have prevailed requires that the Montoyas be awarded the attorney's fees. Our decision turns on the broad language employed in Article 28, which makes the authority relied on by Villa Linda inapposite. *Cf. Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324 (10th Cir.1984) (contract provided for attorney's fees for claims arising only under the contract, and claims of negligence and fraud did not give rise to fee award).

We find that *Page & Wirtz* does not demand the conclusion that, as a matter of law, there is no *authority* for attorney's fees under the contract when a breaching party prevails at trial. *Page & Wirtz* upheld the trial court's discretion to refuse to allow attorney's fees, but did not remove discretion to find otherwise. An examination of the cases relied on by *Page & Wirtz* bolsters this conclusion. *See Mountain States Constr. Co.*, 588 F.2d at 263 (in contract where both parties to blame for dissension, but termination by defendant-owner was wholly arbitrary, trial court's refusal to allow attorney's fees was within its discretion); *Cable Marine, Inc. v. M/V Trust ME II*, 632 F.2d 1344, 1345 (5th Cir. 1980) (when attorney's fees authorized by contract rather than by statute, trial court does not have same degree of equitable discretion to deny fees, but it could, "in its sound discretion," refuse an award "when it believes that such an award would be inequitable and unreasonable"); *First Atlantic Bldg. Corp. v. Neubauer Constr. Co.*, 352 So.2d 103, 106 (Fla.Dist.Ct.App. 1977) (defendant shown to have breached contract yet claimed attorney's fees because, although plaintiff prevailed and was awarded damages for breach, it did not receive relief requested, and court denied request because plaintiff lost on merits and had breached contract).

A review of this authority indicates that the denial of attorney's fees is within the trial court's discretion when the prevailing party has breached the contract. We hold that it is also within the court's discretion to allow the prevailing party to recover such fees despite its breach when, as in the case before us, the nonbreaching party took action that precipitated the breach.

We AFFIRM the district court's award.

IT IS SO ORDERED.

RANSOM and WILSON, JJ., concur.