This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**FRANKEN CONSTRUCTION COMPANY, INC.,**

      Third-Party Plaintiff-Appellee,

v.                               **NO. A-1-CA-37647**

**HARRIS REBAR NEW MEXICO,**

      Third-Party Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF MORA COUNTY**
**Theodore C. Baca, District Judge Pro Tempore**

Riley, Shane & Keller, P.A.
D. Chet Alderete
Taryn Kaselonis
Spirit Gaines
Albuquerque, NM

for Appellee

Guebert Bruckner Gentile, P.C.
Terry R. Guebert
Alissa N. Berger
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}**    Third-party Defendant Harris Rebar New Mexico, Inc. (Harris) is appealing from a district court order denying its motion to compel arbitration. We issued a calendar notice proposing to affirm. Harris has not filed a memorandum in opposition. Third-Party Plaintiff Franken has filed a memorandum in partial support. We affirm.

**{2}** In the underlying lawsuit, Plaintiff Mora County sued Franken Construction Company, Inc. (Franken), the general contractor of the initial phase of construction of the Mora County Complex. Harris was one of the subcontractors. Franken impleaded Harris into the lawsuit and filed a third-party complaint against it. [RP 74] Harris filed a joint motion to compel arbitration. [RP 216, 230] The contract between Franken and Harris contains an arbitration clause that is triggered "[i]f at any time a controversy should arise between [Franken and Harris.]" [DS 3] The district court denied Harris's motion to compel arbitration.

**{3}** Our Supreme Court has held that "arbitration agreements are contracts enforceable by the rules of contract law." *Horne v. Los Alamos Nat'l Sec., L.L.C.*, 2013-NMSC-004, ¶ 16, 296 P.3d 478. We therefore apply the principles of contract law to the interpretation of an arbitration agreement. *See L.D. Miller Constr., Inc. v. Kirschenbaum*, 2017-NMCA-030, ¶ 18, 392 P.3d 194. If the contract language is unambiguous, we enforce its clear terms. *See Montoya v. Villa Linda Mall, Ltd.*, 1990-NMSC-053, ¶ 8, 110 N.M. 128, 793 P.2d 258 ("It is black letter law that, absent an ambiguity, a court is bound to interpret and enforce a contract's clear language and cannot create a new agreement for the parties."). The existence of ambiguity is a matter of law that is determined de novo. *See Handmaker v. Henney*, 1999-NMSC-043, ¶ 19, 128 N.M. 328, 992 P.2d 879.

**{4}** Although it would appear that the arbitration language is unambiguous and that the third-party complaint raises a "controversy" that triggers arbitration, we do not interpret the district court's ruling to foreclose arbitration in this case. Instead, we believe that the court's ruling reflects the fact that Harris' potential liability is predicated on Franken's liability to Mora County—an issue that has yet to be decided. In short, the "controversy" is theoretical at this point, a situation similar to an indemnification claim. *Cf. Tunis v. Country Club Estates Homeowners Ass'n, Inc.*, 2014-NMCA-025, ¶¶ 60-61, 318 P.3d 713 (Sutin, J., dissenting) (noting general rule that indemnification claim is not ripe until liability of indemnitee is established). This is reflected in Franken's third amended third-party complaint, which seeks to impose liability on the subcontractors "[i]nsofar as the alleged construction defects are proven." [RP 612, ¶ 20] Indeed, Franken separately raises an indemnification claim against Harris. [RP 612, ¶ 23] Our calendar notice stated that, in the event that Franken is found liable to Mora County for defects relating to Harris, the district court may revisit the issue at that time.

**{5}** As noted, Harris has not filed a memorandum in opposition and is therefore deemed to have abandoned the issue. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue). Franken's memorandum in partial support argues that the district court intended the arbitration issue to be fully resolved by its ruling. However, because that issue has not become ripe, and may never arise, we construe the court's ruling to only affect the arbitration issue as it stands at this point in time.

**{6}** Because we believe that the arbitration issue is premature at this point, we affirm.

**{7}** IT IS SO ORDERED.

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**