This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**FRANK L. TRAMBLEY
CONSTRUCTION, INC.,**

Other-Appellant,

v.                                                                        **NO. A-1-CA-37636**

**FRANKEN CONSTRUCTION
COMPANY, INC.,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MORA COUNTY
Matthew J. Sandoval, District Judge**

McCoy Leavitt Laskey LLC
H. Brook Laskey
Stephanie K. Demers
Brandon M. Meyers
Albuquerque, NM

Leverick & Musselman, LLC
Richard M. Leverick
Albuquerque, NM

for Appellant

Riley, Shane & Keller, P.A
Daniel A. Alderete
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Third-party Defendant Frank L. Trambley Construction, Inc. (Trambley) appeals from a district court oder denying its motion to compel arbitration. We issued a calendar notice proposing to affirm. Trambley has timely filed a memorandum in opposition.

**{2}** In the underlying lawsuit, Plaintiff Mora County sued Franken Construction (Franken), the general contractor of the initial phase of construction of the Mora County Complex. Trambley was one of the subcontractors. Franken impleaded Trambley into the lawsuit and filed a third-party complaint against it. Trambley filed a motion to compel arbitration. [RP 216] The contract between Franken and Trambley contains an arbitration clause that is triggered "[i]f at any time a controversy should arise between [Franken and Trambley.]" [DS 3] The district court denied Trambley's motion to compel arbitration.

**{3}** Our Supreme Court has held that "arbitration agreements are contracts enforceable by the rules of contract law." *Horne v. Los Alamos Nat'l Sec., L.L.C.*, 2013-NMSC-004, ¶ 16, 296 P.3d 478. We therefore apply the principles of contract law to the interpretation of an arbitration agreement. *See L.D. Miller Constr., Inc. v. Kirschenbaum*, 2017-NMCA-030, ¶ 18, 392 P.3d 194. If the contract language is unambiguous, we enforce its clear terms. *See Montoya v. Villa Linda Mall, Ltd.*, 1990-NMSC-053, ¶ 8, 110 N.M. 128, 793 P.2d 258 ("It is black letter law that, absent an ambiguity, a court is bound to interpret and enforce a contract's clear language and cannot create a new agreement for the parties."). The existence of ambiguity is a matter of law that is determined de novo. *See Handmaker v. Henney*, 1999-NMSC-043, ¶ 19, 128 N.M. 328, 992 P.2d 879.

**{4}** Although it would appear that the arbitration language is unambiguous and that the third-party complaint raises a "controversy" that triggers arbitration, we do not interpret the district court's ruling to foreclose arbitration in this case. Instead, we believe that the court's ruling reflects the fact that Trambley's potential liability is predicated on Franken's liability to Mora County—an issue that has yet to be decided. In short, the "controversy" is theoretical at this point, a situation similar to an indemnification claim. *Cf. Tunis v. Country Club Estates Homeowners Ass'n, Inc.*, 2014-NMCA-025, ¶¶ 60-61, 318 P.3d 713 (Sutin, J., dissenting) (noting general rule that indemnification claim is not ripe until liability of indemnitee is established). This is reflected in Franken's third amended third-party complaint, which seeks to impose liability on the subcontractors "[i]nsofar as the alleged construction defects are proven." [RP 612, ¶ 20] Indeed, Franken separately raises an indemnification claim against Trambley. [RP 612, ¶ 23] Trambley's memorandum in opposition suggests that the district court ruling could be interpret to foreclose any arbitration between it and Franken. However, in the event that Franken is found liable to Mora County for defects relating to Trambley, the district court may revisit the issue at that time.

**{5}** Because we believe that the arbitration issue is premature at this point, we affirm the denial of the motion to compel arbitration.

**{6}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**KRISTINA BOGARDUS, Judge**